IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST 6, 2002 Session

## DOROTHY WALMSLEY SMITH KREUSER v. BARRY RAY SMITH

**Direct Appeal from the Circuit Court for Davidson County**
**No. 94D-2863;The Honorable Muriel Robinson, Judge**

––––––––––––––

**No. M2001-03135-COA-R3-CV - Filed January 16, 2003**

––––––––––––––

This is a child support case. The trial court increased Mr. Smith's child support from $3,500.00 per month to $10,000.00 per month based on his substantial increase in income. For the following reasons, we modify this decision of the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Modified**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Marlene Eskind Moses, Thomas F. Bloom, Nashville, TN, for Appellant

Robert Todd Jackson, Nashville, TN, for Appellee

### OPINION

### Facts and Procedural History

On December 13, 1994, the Appellant, Barry Ray Smith ("Mr. Smith"), and the Appellee, Dorothy Walmsley Smith Kreuser ("Mrs. Kreuser"), were divorced pursuant to a final decree of divorce entered by the Circuit Court of Davidson County. The final decree of divorce incorporated a marital dissolution agreement whereby Mr. Smith and Mrs. Kreuser agreed to exercise joint legal custody of their three minor children. The MDA designated Mrs. Kreuser as the primary caretaker of the children and provided that Mr. Smith pay $3,500.00 per month in child support which was forty-one percent of Mr. Smith's monthly net income, consistent with the Child Support Guidelines.

On April 6, 2001, Mrs. Kreuser filed a petition to increase child support in the Circuit Court of Davidson County. The petition alleged that there had been a substantial and material change in circumstances since entry of the final decree of divorce to warrant an increase in child support. The petition stated that Mr. Smith had a significant increase in income since entry of the final decree of

divorce such that there was a substantial variance of more than fifteen percent of the amount of child support being paid and what should be paid under the Child Support Guidelines. The petition also stated that the cost of raising the children had increased dramatically since entry of the final decree of divorce.

On May 25, 2001, Mr. Smith filed an answer to the petition. The answer denied that child support should be increased. Mr. Smith's answer admitted that his income had increased but denied that the increase in income warranted an increase in child support. The answer also admitted that the cost of raising the children had increased but denied that the increase in cost warranted an increase in child support. Finally, the answer stated that should the trial court grant an increase in child support, the trial court should only award child support based on a net monthly income of $10,000.00 pursuant to TENN. COMP. R. & REGS., Ch. 1240-2-4-.04.

On October 18, 2001, the trial court held a hearing on the petition. Following the hearing, the trial court found that an increase in child support was warranted by the proof. The trial court found that since 1994, Mr. Smith had experienced a significant increase in income and that the expenses offered by Mrs. Kreuser were reasonable. The trial court found that the children have a privileged standard of living and that the children should benefit by Mr. Smith's high standard of living. The trial court increased Mr. Smith's monthly child support obligation to $10,000.00. Mr. Smith timely filed an appeal to this Court and presents the following issue for our review:

> I.     Whether the trial court erred in ordering Mr. Smith to pay $10,000.00 per month in child support, of which $5,900.00 is "excess" support as defined by Tennessee Code Annotated § 36-5-101(e)(1)(B).

## Standard of Review

The findings of fact made by a trial court are given a presumption of correctness that will not be overturned unless the evidence preponderates against those findings. *See* Tenn. R. App. P. 13(d); *see also Bank/First Citizens v. Citizens and Assoc.*, 82 S.W.3d 259, 262 (Tenn. 2002) (citing *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001)). A trial court's ruling on a matter of law, however, will be reviewed "'under a pure *de novo* standard . . . according no deference to the conclusions of law made by the lower court[].'" *Bank/First Citizens*, 82 S.W.3d at 727 (quoting *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001)). When reviewing a trial court's decision to set the amount of child support, we apply the "abuse of discretion" standard. *State ex rel Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000).

## Law and Analysis

This case falls squarely under Tennessee Code Annotated § 36-5-101(e)(1)(B) which states:
> (B) Notwithstanding any provision of this section or any other law or rule to the contrary, if the net income of the obligor exceeds ten thousand dollars ($ 10,000) per

month, then the custodial parent must prove by a preponderance of the evidence that child support in excess of the amount, [calculated by multiplying the appropriate percentage set forth in the child support guidelines by a net income of ten thousand dollars ($ 10,000) per month], is reasonably necessary to provide for the needs of the minor child or children of the parties. In making its determination, the court shall consider all available income of the obligor, as required by this chapter, and shall make a written finding that child support in excess of the amount so calculated is or is not reasonably necessary to provide for the needs of the minor child or children of the parties.

In the present case, the parties have three minor children. Using the formula outlined in the above statute, Mrs. Kreuser is required to prove by a preponderance of the evidence that child support in excess of $4,100.00[1] is reasonably necessary to provide for the needs of the three minor children. Mrs. Kreuser provided an estimate of monthly living expenses to the trial court. The trial court found these expenses to be reasonable. While we note that this estimate of expenses is a generous estimate, we find no error in the trial court's holding that the expenses are reasonable.

Mrs. Kresuser's list of expenses shows that the three children's share of household expenses is $3,316.20 per month. The children's separate monthly expenses total $2,149.00. Mrs. Kreuser thus provided uncontradicted proof that the children's monthly needs total $5465.20. Additionally, Mrs. Kreuser provided proof of the $2,327.51 per month cost of sending the three children to private school, a cost which Mr. Smith approved. Mrs. Smith also presented proof that the two younger children would require orthodontic care in the near future, and offered an estimate of approximately $3,900.00 for one of the children. In total, Mrs. Kreuser presented the court with proof of $7792.71 in monthly expenses and several thousands more in future orthodontic costs.

After considering this evidence and evidence of Mr. Smith's substantial increase in income, the trial court held that an increase in child support was warranted. The trial court stated that the children had a "privileged standard of living" and that "the children should enjoy and be benefitted by a higher standard of living." The trial court then ordered Mr. Smith to pay $10,000.00 a month in child support.

We agree with the lower court that an increase in child support is warranted. We find, however, the trial court's setting of Mr. Smith's obligation to $10,000.00 per month was unwarranted. The proof in the record shows the total of the children's needs to be $7,792.71 per month. Tennessee Code Annotated 36-5-101(e)(1)(B) requires that any amount over the percentage required by the Child Support Guidelines be proved by a preponderance of the evidence. Here, Mrs. Kreuser did prove the reasonable needs of the children exceeded the Guideline amount, but not to the extent of $5,900.00 per month. Accordingly, we modify the amount of child support to $7,800.00 per month. This amount consists of $4,100.00 per month as dictated by statute according

---

[1] The Child Support Guidelines instruct that an obligor with three children pay 41% of his or her income for support. The formula in the above statute sets the beginning point of our inquiry at 41% of $10,000.00 or $4,100.00.

to the Child Support Guidelines, and an additional $3,700.00 per month shown by a preponderance of the evidence as the reasonably necessary needs of the three minor children.

## Conclusion

For foregoing reasons, we modify the holding of the trial court setting child support to $10,000.00 per month downward to $7,800.00 per month. Appellee's request for attorney's fees is denied. Costs on appeal are taxed equally to the Appellant, Barry Ray Smith, and his surety, and the Appellee, Dorothy Walmsley Smith Kreuser, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE